UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ASHRAF A. ETTAYEM,**
d/b/a SHOP N SAVE,

      **Plaintiff,**

  v.                                      Case No. 2:14-cv-1232
                                              JUDGE SMITH
                                              Magistrate Judge Jolson

**UNITED STATE OF AMERICA,**
Department of Agriculture,

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court upon the Motion for Leave to File an Amended Complaint by Plaintiff Ashraf Ettayem (Doc. 37). Defendant United States of America, Department of Agriculture ("USDA") filed a Response in Opposition (Doc. 38) and Plaintiff filed a Reply in support (Doc. 39). The Motion is ripe for review. For the following reasons, Plaintiff's Motion is **DENIED**.

      **I.**      **BACKGROUND**

Defendant argues that Plaintiff's proposed amendments to the Complaint would be futile; therefore the Court has summarized the following facts from the Proposed Amended Complaint for consideration. (*See* Doc. 37-1, Proposed Am. Compl.).

Plaintiff Ashraf A. Ettayem ("Plaintiff") was the operator of a business called Shop N Save. Shop N Save is owned by a corporate entity, EMA Group. (Doc. 33-2, Ettayem Aff. at ¶ 5; *see also* Doc. 32-4, Ex. 4 to USDA Mot. Dismiss). As part of the operations of Shop N Save, Plaintiff applied to the USDA to become an authorized retailer under the Supplemental Nutrition Assistance Program ("SNAP"). (Doc. 37-1, Am. Compl. at ¶ 20). Plaintiff now seeks

judicial review of an Amended Final Agency Decision ("Decision") of the U.S. Department of Agriculture Food and Nutrition Services disqualifying Shop N Save from participating in SNAP as an authorized retailer.  (*Id.* at ¶¶ 46, 50, 54, 58).

This lawsuit touches on other SNAP licenses obtained by Plaintiff for other businesses in the past.  In 1996, Plaintiff owned Hawkes Mini Mart in Memphis, Tennessee.  (*Id.* at ¶ 8).  Hawkes Mini Mart was an authorized participant in SNAP.  (*Id.*).  In late 1996, the Food and Nutrition Service of the USDA permanently disqualified Hawkes Mini Mart for violations committed by a store manager.  (*Id.* at ¶ 11).  Plaintiff alleges he was never made aware of the disqualification and that he sold the business without knowing of the disqualification.  (*Id.* at ¶ 12).

In 2000, Plaintiff applied for SNAP authorization for Hilock Market in Columbus, Ohio.  (*Id.* at ¶ 13).  The USDA denied Plaintiff's Hilock Market SNAP application because Hawkes Mini Mart was disqualified in 1996.  (*Id.* at ¶ 14).  Plaintiff and Hilock Market sought judicial review of the Hilock Market SNAP denial in this Court, *Ettayem v. United States*, No. 2:00-cv-964 (S.D. Ohio closed March 8, 2001) (Marbley, J.) ("*Hilock*").  (*Id.* at ¶ 15).  Before this Court came to a final resolution in *Hilock*, Plaintiff and the USDA settled the case in a settlement agreement attached to the Amended Complaint ("Settlement Agreement").  (*Id.* at ¶ 16).  The Settlement Agreement allegedly allowed Plaintiff to participate in the SNAP program in the future with the condition that Plaintiff file quarterly reports certifying that he had established a SNAP compliance policy and program for the first twelve months after obtaining a new SNAP authorization. (*Id.* at ¶¶ 17–18).

In 2010, Plaintiff applied for and received SNAP authorization for Shop N Save.  (*Id.* at ¶ 21).  Plaintiff alleges that authorization was for him as owner of Shop N Save.  (*Id.*).  Plaintiff

complied with the Settlement Agreement's requirement of filing quarterly reports for the first year. (*Id.* at ¶¶ 22–25). In 2013, the USDA permanently withdrew Shop N Save from the SNAP program because of the disqualification of Hawkes Mini Mart. (*Id.* at ¶¶ 26–27). Plaintiff requested an administrative appeal because he felt that he had complied with the Settlement Agreement. (*Id.* at ¶ 28). In the course of the administrative appeal, the appeal officer and Plaintiff exchanged correspondence regarding the Settlement Agreement because the USDA did not have a copy. (*Id.* at ¶ 30).

The appeal officer made a Final Agency Decision on December 13, 2013, and affirmed the withdrawal of Shop N Save's SNAP authorization because of the permanent disqualification of Hawkes Mini Mart. (*Id.* at ¶ 35). Subsequently, on July 11, 2014, the hearing officer filed an amended decision ("Agency Decision") finding that Plaintiff failed to provide a copy of the Settlement Agreement in a timely manner, and that the record did not contain the quarterly reports as the Settlement Agreement required. (*Id.* at ¶ 38). The Agency Decision stated that withdrawal was appropriate because of the disqualification of Hilock and that the Hawkes disqualification was still valid. (*Id.* at ¶¶ 39–40). Plaintiff filed the Complaint in this Court seeking judicial review of the Agency Decision. (*See* Doc. 1, Compl.).

Plaintiff's Proposed Amended Complaint states five counts in this action: (1) the Agency Decision is arbitrary, capricious and legally invalid because it affirmed the permanent withdrawal on the basis of Plaintiff's failure to provide the Settlement Agreement; (2) the Agency Decision is arbitrary, capricious and legally invalid because it improperly affirmed the permanent withdrawal on the basis of Plaintiff's alleged failure to provide quarterly reports; (3) the Agency Decision is arbitrary, capricious and legally invalid because the Settlement Agreement voided the USDA's decision regarding Hilock Market; (4) the Agency Decision is

arbitrary, capricious and legally invalid because the Settlement Agreement allowed Plaintiff to be eligible for SNAP; and (5) Defendant breached its duties under the Settlement Agreement causing Plaintiff economic loss.

## II.     STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give[]" leave to amend "when justice so requires."  *See* Fed. R. Civ. Pro. 15(a); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  However, this is not to say that leave to amend should always be granted.  Some circumstances such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment may be grounds for denial.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Ultimately, though, whether to grant or deny leave to amend a pleading is within the discretion of the district court.  *Id*.

Determining whether a proposed amendment is futile requires a single straightforward question: can the claim, as amended, survive a motion to dismiss?  *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) ("This Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment."); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980) ("It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss.").  If a motion to dismiss would be granted, the amendment is futile and the Court has grounds to deny leave.  To address the pending motion, then, the Court must consider each claim set forth in Plaintiff's Proposed Amended Complaint and determine whether any of the claims, as amended,

could survive a motion to dismiss, i.e., state a claim upon which relief could be granted. The Court will address each of the arguments for futility made by the Defendants in turn.

### III.     DISCUSSION

The USDA opposes Plaintiff's Motion for Leave on the same grounds the USDA relied on in its earlier Motion to Dismiss (Doc. 32). Specifically, the USDA argues that Plaintiff's claims in the Amended Complaint fail because Plaintiff is not the real party in interest under Rule 17 of the Federal Rules of Civil Procedure. Rule 17 requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed R. Civ. P. 17(a)(1). This Court had previously ordered Plaintiff to substitute EMA Group, the owner of Shop N Save in this action and that EMA Group would need representation. (Doc. 36, Op. and Order). In the Proposed Amended Complaint, Plaintiff removes Shop N Save but does not join EMA Group. Counts 1 through 4 of the Proposed Amended Complaint ask this Court to find the Agency Decision arbitrary, capricious and legally invalid. Count 5 is a contract claim based on the Settlement Agreement. The Court will address each in turn.

**A.     Arbitrary and Capricious Claims**

The Court notes that there is some confusion about the SNAP authorization that was issued and was attached to the Amended Complaint. The Permit lists the Store Name as "Shop N Save" and the "Owner Name(s)" as "Ashraf Ayoub Ettayem." Clearly, this distinction has caused some confusion as to whom the permit was awarded. Plaintiff alleges in the Amended Complaint that the Permit "authorized Plaintiff as **OWNER** of Shop N Save to participate in . . . SNAP." (Doc. 37, Am. Compl. at ¶ 21 (emphasis in original)). However, Plaintiff's Amended Complaint acknowledges that that the Permit does not belong to Plaintiff, but to the store when he notes that "he applied for SNAP authorization **for Shop N Save**." (*Id.* at ¶ 20 (emphasis added)). As the USDA succinctly stated in its Motion to Dismiss, "the issue in this

case is the review of an administrative decision against a store owned by a corporate entity . . . ." (Doc. 32, Mot. Dismiss at 9). All Plaintiff is statutorily authorized to do as a non-owner of Shop N Save was apply for the permit on Shop N Save's behalf. The SNAP statutes set forth the authority for the regulations by which "retail food stores and wholesale food concerns" may apply to be authorized to accept and redeem SNAP benefits. 7 U.S.C. § 2018. There is nothing in the statute authorizing the awarding of a SNAP permit to an individual who is a non-owner of a business. The Decision Plaintiff appeals notes that the Appellant is Shop N Save, not Plaintiff. Although Plaintiff alleges that the SNAP license was awarded to him, the Final Agency Decision constituted a permanent withdrawal of Shop N Save's SNAP authorization, not a withdrawal of an authorization awarded to Plaintiff.

Plaintiff is not a store, concern, or state agency or the owner of a store or concern and thus, he is not one of the three parties eligible to obtain judicial review of a final agency decision. Because EMA Group is not a party to this action, the Court has no jurisdiction to review the Agency Decision. In the statute outlining the appeal process of a final agency decision, the statute specifically states that "If the **store, concern, or State agency** feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business." 7 U.S.C. § 2023(a)(13). Similarly, the applicable regulation notes that "a firm aggrieved by the determination of the designated reviewer may obtain judicial review of the determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business." 7 C.F.R. 279.7(a). Plaintiff is not the "firm" aggrieved by the decision, EMA Group is. Again, Plaintiff failed to join EMA Group in this case. Accordingly, the Court does not have jurisdiction to review the Agency Decision without the

proper party bringing the challenge. Plaintiff's amended claims regarding the Agency Decision are futile. This finding applies equally to each of the arbitrary and capricious claims set forth in Plaintiff's Complaint.

B.  **Breach of Contract Claim**

Plaintiff also brings a breach of contract claim against the USDA for breaching the settlement agreement. Although Plaintiff is a proper party to bring a contract claim to which he was a party, the Court lacks jurisdiction to consider this claim.

Under 28 U.S.C. § 1331, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Notably absent from this grant of jurisdiction is jurisdiction over contract disputes with the United States. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936); *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799)). Notably, "parties cannot waive the requirement of subject matter jurisdiction." *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In *Kokkonen*, the Supreme Court specifically addressed the jurisdiction of breach of settlement agreement claims in the federal courts when a previous case was settled and voluntarily dismissed by the parties to the action. First, the Court held that "[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance . . . requires its own basis for jurisdiction." *Id.* at 378. Finding that no case law or statute authorized jurisdiction over "a relationship so tenuous as the breach of an agreement that produced the dismissal of an earlier federal suit," the Court held jurisdiction would only lie if the

district court's order of dismissal expressly retained jurisdiction over the settlement agreement or if the court incorporated the terms of the settlement agreement in a dismissal order. *Id.* at 380–81. The requirement is the same even when a case—such as *Hilock*—is voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)(iii). *Kokkonen*, 511 U.S. at 381; *Hilock*, No. 2:00-cv-964, ECF No. 13 (noting "Joint Notice of Dismissal" and the absence of an order of dismissal). Plaintiff's Proposed Amended Complaint fails to establish subject matter jurisdiction for this claim. Accordingly, the Court finds that the Amended Complaint is futile because the Court lacks jurisdiction to consider Plaintiff's proposed breach of settlement agreement claim in this case.

### IV.  CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Leave to file an Amended Complaint. The Clerk shall **REMOVE** Document 37 from the Court's pending motions list.

Further, as noted in Section III.A., this Court does not have subject matter jurisdiction to hear Plaintiff's claims in the Complaint. Accordingly, Plaintiff's Complaint is **DISMISSED**. The Clerk shall enter final judgment in favor of Defendants and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

   /s/ George C. Smith             
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**